# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | | |
|---|---|---|
| CRYSTAL AVENUES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| TREASURES BY AGNES INC. | ) | (Jury Trial Demanded) |
| | ) | |
| and | ) | |
| | ) | |
| AGNIESZKA CORRELL, ALSO | ) | |
| KNOWN AS AGNES CORRELL | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Crystal Avenues, LLC ("**Crystal Avenues**"), a Georgia company, brings this Complaint against Defendants Treasures By Agnes Inc. ("**Treasures by Agnes**") and Agnieszka Correll, who is also known as Agnes Correll (collectively, "**Defendants**"), and alleges as follows:

## INTRODUCTION

1.     This is a civil action seeking injunctive relief and damages for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("**DMCA**"), which provides for a cause of action against one who knowingly

1

materially misrepresents that material or activity is infringing.  This is also an action for a declaratory judgment that Crystal Avenues has not infringed, and is not infringing, any copyrights owned by Defendants and has not engaged in unfair competition.  Further, this is an action for a declaratory judgment that any alleged copyrights asserted by Defendants are invalid and unenforceable.

2.     This case stems from several improper assertions of copyright infringement against a home-based jewelry crafter that sells bridal wedding jewelry on Etsy, a popular online marketplace.  Treasures by Agnes Inc. and its owner Agniezska Correll's infringement claims successfully compelled Etsy, an online marketplace, to remove dozens of Crystal Avenues' listings for wedding jewelry.  Many of the listings were removed during the peak of the wedding season, when a large percentage of the year's sales are made.  Defendants also issued an aggressive cease-and-desist letter through their attorney on the basis of these improper claims, threatening legal action and making demands that were excessive, overreaching and unsupported by the law.  Defendants' actions were harassing, anti-competitive, and caused significant damage to Crystal Avenues.  Crystal Avenues operates in constant fear and worry that Defendants will continue to disrupt its business by making baseless infringement claims and issuing false DMCA notices whenever it wants.

**THE PARTIES**

3.      Plaintiff Crystal Avenues, LLC is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business located at 419 Loyd Road, Peachtree City, GA  30269.

4.      On information and belief, Defendant Treasures By Agnes Inc. is a corporation organized in 2012 under the laws of the State of Pennsylvania with a corporate address of RR 6 Box 6609, Saylorsburg, PA 18353.

5.      On information and belief, Defendant Agneiszka Correll is an individual residing at 193 Robbins Lane, Saylorsburg, PA 18353.  On information and belief, Defendant Agneiszka Correll is also known as and uses the name Agnes Correll, including on Etsy.  On information and belief, Defendant Agneiszka Correll owns and is an officer of Treasures by Agnes Inc.  On information and belief, Defendant Agneiszka Correll is the past and present moving and conscious force behind the operation and activities of Treasures by Agnes Inc.'s Etsy shop, including its false claims of copyright infringement against Crystal Avenues, and claims to own the copyrights underlying those claims.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the subject matter of this action pursuant to the Copyright Act, 17 U.S.C. §§ 101 et seq., and 28 U.S.C. § 1331

(actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks), and 28 U.S.C. § 2201 because Plaintiff brings the action to determine a question of actual controversy between the parties arising under the copyright laws of the United States.

7.     On information and belief, Defendants are subject to the general and specific jurisdiction of this Court.  On information and belief, this Court has personal jurisdiction over Defendants by virtue of their transacting business in this judicial district by at least offering to sell, exposing for sale, selling and/or advertising accused products to customers in the State of Georgia, this judicial district, and throughout the United States.  On information and belief, Defendants transact such business through, at least, conducting sales on the Etsy online marketplace under the seller name Treasures570.  On information and belief, Defendants also ship accused products to customers in the State of Georgia and this judicial district ("District").  In addition, Defendants purposefully sent the communications that are the subject of this action to Plaintiff Crystal Avenues, which has a principal place of business in this District.

## VENUE AND INTRADISTRICT ASSIGNMENT

8.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) & (c), since at least a substantial part of the events giving rise to Plaintiff's claim occurred in this District and since Defendants are subject to personal jurisdiction in this District.

9.     Assignment to the Newnan division is proper pursuant to Local Rule 3.1.

## STATEMENT OF FACTS

**Etsy**

10.     Etsy, which is owned by Etsy, Inc., is a popular online marketplace where millions of crafters and buyers come together to sell and purchase unique handmade, vintage and craft items.  These items range from clothing and housewares to jewelry.  Etsy's website is available at the web address www.etsy.com.  Its corporate headquarters is located in Brooklyn, New York.

**Crystal Avenues LLC**

11.     The owner of Crystal Avenues, LLC, Sue Buehler ("**Mrs. Buehler**"), has been designing and making jewelry since childhood.  She was introduced to entrepreneurship as a young girl when her mother took her to local department stores to sell her handmade jewelry.  Later, as an adult, she pursued her passion by

making jewelry for local bridal boutiques.  With the rise of the Internet and her

desire to work directly with brides around the country, she with her daughter's

encouragement established Crystal Avenues, LLC and opened an Etsy shop under

the name "CrystalAvenues" in 2011, the same year her daughter got married.

Crystal Avenues' Etsy shop is located at

https://www.etsy.com/shop/CrystalAvenues?ref=profile_shopname.

12.     Mrs. Buehler has devoted herself to building and establishing Crystal

Avenue's Etsy shop as an enjoyable place for brides to peruse and buy beautiful

but affordable bridal jewelry for their special day.  Crystal Avenues specializes in

jewelry made with high-quality crystals and pearls that combines elegance and

glamour.  This style is very popular with brides.

13.     Crystal Avenues has earned an exemplary reputation for selling

exquisite bridal jewelry with thousands of satisfied Etsy brides throughout the

country.  Its Etsy shop has achieved an impressive over 28,000 sales to date,

received over 8700 positive buyer reviews, earned a top 5 star-rating, and garnered

10,700 admirers/favorites.  Crystal Avenues has received rave reviews that

compliment not only its jewelry as stunning but commends Crystal Avenues for

excellent customer service and response times.

**Defendants and Their Wrongful Acts**

14.     Defendant Treasures by Agnes Inc. also sells bridal jewelry and accessories on the Etsy marketplace.  On information and belief, Defendant Treasures by Agnes operates an Etsy shop under called "Treasures570," which was established in 2009.  The Treasures570 shop is located here https://www.etsy.com/shop/treasures570.  On information and belief, Treasures by Agnes is owned by Agniezka Correll, who also uses the name Agnes Correll on Etsy and is the driving force behind the operations and activities of Treasures by Agnes, including the sending of DMCA notices.

15.     On information and belief, Defendant's Etsy shop has had over 17,900 sales to date and obtained over 4200 buyer reviews.  On information and belief, like many sellers of bridal jewelry, Treasures by Agnes sells jewelry made of crystals and pearls.

16.     Etsy has a Digital Millennium Copyright Act (**"DMCA"**) notice-and-takedown policy and procedure ("**Etsy's DMCA Policy**"), which permits Etsy sellers to submit DMCA notices of infringement and DMCA counter-notices to Etsy.  Etsy's DMCA Policy, which sets forth the DMCA notice requirements, is located on the Etsy website at https://www.etsy.com/legal/ip-dmca/.  A true and

correct copy of the policy, printed on September 2, 2016, is attached as Exhibit

("Ex.") A hereto.

17.     On January 21, 2016, Crystal Avenues sent DMCA notices to Etsy,

seeking the removal of infringing listings of a hair comb from four Etsy shops,

including six (6) listings in the Treasures570 shop.  On information and belief,

Etsy deactivated the listings and Defendants issued a counter-notice pursuant to

Etsy's DMCA policy.  On information and belief, Defendants reactivated the

listings, which remain active.

18.     On information and belief, as described below, Defendants Treasures

by Agnes and Agniezka Correll then launched a retaliatory campaign to undermine

Crystal Avenues as a competitor, using a variety of means, including but not

limited to issuing a series of false DMCA notices that caused Crystal Avenues'

listings to be deactivated from its Etsy shop, obtaining several copyright

registrations for jewelry works that Defendant Agnieszka Correll does not own or

are otherwise ineligible for copyright registrations, and making other false claims

of infringement.

19.     On January 21, 2016, the same day and right after Plaintiff issued a

DMCA notice involving Treasures by Agnes's hair comb listings, Defendants

retaliated by issuing four (4) DMCA takedown notices against 21 of Plaintiff's

jewelry listings, demanding that Etsy deactivate them from Plaintiff's Etsy shop (collectively, "**Defendants' January 21 False DMCA Notices**").  True and correct copies of Notices of Copyright Infringement from Etsy Legal ("**Etsy's January 21 Notices of Copyright Infringement**"), dated January 21, 2016, are attached hereto as Ex. B.  The jewelry listings were for jewelry pieces in Plaintiff's "Claire," "Kathryn," "London," and "Katilee" collections.  On information and belief, Defendants issued the notices in rapid succession and with knowledge that it did not own any copyrights in the jewelry works at issue and that Crystal Avenues had not infringed any of its copyrights.

20.    The notices track the elements of notification set forth in Section 512(c)(3) of the DMCA.

21.    On January 21, 2016, Etsy Legal sent emails to Mrs. Buehler, the authorized representative for Crystal Avenues, notifying her that it had removed the 21 listings from Crystal Avenues' Etsy shop for ten (10) days pursuant to Defendants' notifications that the listings infringed its copyrights.  See Etsy's January 21 Notices of Copyright Infringement, Ex. B hereto.  The emails warned Crystal Avenues that repeated notices of infringement could lead to the loss of its Etsy account.  But for Defendants' January 21 False DMCA Notices and the

misrepresentations of copyright infringement contained therein, Etsy would not have deactivated Plaintiff's listings.

22.    The emails also advised Crystal Avenues that it was entitled to submit a counter-notice, and directed Crystal Avenues to webpages that outlined the steps to submit a counter-notice pursuant to Section 512(g) of the DMCA.  On information and belief, the relevant portions of this webpage have not been substantively modified since Defendants sent the DMCA takedown notices described herein.  Crystal Avenues filed counter-notices and reposted only a few listings in its "Claire" collection, which were the subject of another set of false DMCA notices issued by Defendants in March 2016 as set forth below.  See Etsy's webpage on "Submit a DMCA Counter Notice," a true and correct copy of which was printed on September 6, 2016, and is attached hereto as Ex. C.

23.    On information and belief, upon receipt of Plaintiff's DMCA notice on January 21, Defendant also contacted and incited other Etsy sellers to send unwarranted DMCA notices to deactivate dozens of Crystal Avenues' listings, which resulted in Etsy's removal of numerous additional jewelry listings from Crystal Avenues' Etsy shop.  These actions were harassing and bullying, which caused Crystal Avenues to fear further unwarranted retaliation and the destruction of the business it had worked so hard to build on Etsy for over five years.  These

10

actions and the false claims of infringement described in this Complaint caused great distress to Crystal Avenues and Mrs. Buehler.

24.     Crystal Avenues and Mrs. Buehler's nightmare was far from over.  On January 28, 2016, Defendants filed a fifth DMCA notice against Plaintiff's jewelry listings to Etsy, directly causing Etsy to deactivate 17 more of Crystal Avenues' listings ("**Defendants' January 28 False DMCA Notice**") in reliance on Defendants' false statements of infringement.  This brought the total number of deactivated listings to 38 in a single week, each one intentionally caused by Defendants through their false DMCA notices to Etsy.  See Etsy Notice of Copyright Infringement, dated January 28, 2016 ("**Etsy January 28 Notice of Copyright Infringement**"), a true and correct copy of which is attached as Ex. D hereto.

25.     On February 2, 2016 and February 3, 2016, Crystal Avenues' undersigned counsel sent short letters via email to Defendants, reminding them of Etsy's DMCA policy and advising them that they should not issue DMCA notices to deactivate Crystal Avenues' listings without a proper basis to do so.

26.     On information and belief, on or about February 2016, Defendants copied Crystal Avenues' trade dress, changing the photographs of their jewelry listings in the Treasures570 shop from backgrounds that included mannequins and

jewelry display pieces to a simple linen background.  Crystal Avenues had adopted

this simple linen background earlier to create a signature and professional look. On

information and belief, Defendants copied Crystal Avenues signature style to

bolster Defendants' infringement claims against Crystal Avenues by making their

listings look identical or nearly identical to outsiders who would not know which

one came first.

27.    On March 7, 2016, Defendants also had their attorney send Crystal

Avenues an aggressive cease-and-desist letter. The letter, which was sent to Crystal

Avenues' counsel, accused Crystal Avenues of willful copyright infringement and

unfair competition, threatened legal action and made demands that were excessive,

overreaching and unsupported by the law.  The letter was based on purported

ownership of copyrights in a necklace containing a heart design and jewelry pieces

in Treasures by Agnes's "Amelia" and "Emma" collections.  On information and

belief, these jewelry collections correspond to Crystal Avenues' "London,"

"Kathryn," and "Katilee" collections. The letter stated that Defendants had pending

registration applications for the jewelry works without disclosing anything more.

A true and copy of the Friedberg Letter, dated March 7, 2016 ("**March 7**

**Friedberg Letter**"), is attached as Ex. E hereto.

28.     The letter demanded that Crystal Avenues immediately cease the alleged activities, destroy and recall inventory, disgorge all profits and provide an inventory of sales, and pay Defendant's attorney's fees and costs.  The letter threatened to seek preliminary and permanent injunctive relief, treble damages, and attorney's fees against Crystal Avenues and Mrs. Buehler and others "as all parties and individuals who have been actively involved in their unlawful activities." Defendants knew or should have known these demands were unwarranted.  The letter also advised that it did not intend to be an offer of settlement or a waiver or relinquishment of any rights or remedies of Defendant Treasures by Agnes. See Ex. E hereto.

29.     On information and belief, on March 7, 2016, right after Defendants issued its overreaching demand letter, Defendants issued four (4) more DMCA notices against Plaintiff's, demanding that Etsy remove 17 additional jewelry listings ("**Defendants' March 7 False DMCA Notices**").  True and correct copies of Etsy's Notices of Copyright Infringement, March 7, 2016 ("**Etsy's March 7 Notices of Copyright Infringement**"), are attached as Ex. F hereto.  The listings were for jewelry pieces in Crystal Avenues' bridal jewelry collections called "Star," "The Set," "Claire," Kathryn," "Katilee" and "London."

30.    On information and belief, in these notices, Defendants misrepresented to Etsy that they owned copyrights in the jewelry designs at issue and that it owned four (4) copyright registrations, citing the following "Copyright Registration" numbers and collection names: 1-3128727407 ("Amelia"), 1-3128727780 ("Emma"), 1-3128727874 ("Necklace set listing number 72564136"), and 1-3128727917 ("Necklace set").  On information and belief, nowhere did Defendant disclose to Etsy that these numbers were simply for copyright applications that had been filed a few days before.

31.    In reliance on Defendants' false representations of copyright infringement in their March 7 False DMCA Notices, Etsy removed 17 more of Crystal Avenues' listings, bringing the total up to 55 listings removed in five weeks.  Etsy again warned Crystal Avenues and Mrs. Buehler that repeat notices could lead to account termination.  See Ex. F hereto.  Crystal Avenues issued counter-notices in response to Defendants' March 7 False DMCA Notices but did not repost the listings given the dispute and Defendants' threat to have the listings taken down again if they were relisted.

32.    On March 14, 2016, Defendants issued another DMCA notice against Crystal Avenues, demanding that Etsy deactivate one (1) listing for a crystal bridal bracelet.  On information and belief, Defendants misrepresented that they had a

copyright registration, citing "Copyright Registration" number 1-3128727407

("Amelia") ("**Defendants' March 14 False DMCA Notice**").  A true and correct

copies of Etsy's Notice of Copyright Infringement, dated March 14, 2016 ("**Etsy's**

**March 14 Notice of Copyright Infringement**"), is attached as Ex. G hereto.

Nowhere did Defendants disclose to Etsy that this number was simply for a

pending copyright application. The notice related to Crystal Avenues' "Katilee"

bridal jewelry collection.  Crystal Avenues issued a counter-notice in response to

Defendants' March 14 False DMCA Notice and Defendants' threat to have the

listing taken down against if it was relisted. As such, the listing has remained

down.

33.     Defendants' reported a total of 56 of Crystal Avenues' listings to Etsy

in its January 21, January 28, March 7 and March 14 False DMCA Notices

(collectively, "**Defendants' False DMCA Notices**").  Defendants issued a total of

ten (10) False DMCA Notices against Crystal Avenues.

34.     On information and belief, in submitting the January 21, January 28,

March 7, and March 14 DMCA notices to Etsy demanding the deactivation of

Crystal Avenues' jewelry listings, Defendants affirmed under penalty of perjury

that the notices of infringement were accurate and that they were authorized to

make the infringement claims.  See Exs. B, D, F, G hereto.

15

35.     On information and belief, Defendants sent these notices through Etsy's reporting form or via email to legal@etsy.com.  See Etsy's DMCA Notice Requirements, attached as Ex. A hereto.  On information and belief, the relevant portions of this webpage have not been substantively modified since Defendant sent the DMCA takedown notices described herein.

36.     Defendants' January 21, January 28, March 7 and March 14 DMCA notices to Etsy that demanded the removal of Crystal Avenues' jewelry listings were Notices of claimed infringement sent pursuant to 17 U.S.C. §512(c).  The notices track the elements of notification set forth in Section 512(c)(3) of the DMCA.  On information and belief, Etsy treated each notice as a request for takedown pursuant to Section 512(c)(3) of the DMCA.

37.     Crystal Avenues expended considerable time and resources in reviewing Defendants' series of false DMCA notices and removing the listings identified in Defendants' False DMCA Notices.

38.     In response to the March 7 Friedberg Letter and Defendants' False DMCA Notices, Crystal Avenues removed additional listings from Etsy that involved jewelry pieces in the collections at issues.

39.     On information and belief, Defendants issued these DMCA notices to retaliate against Plaintiff and undermine Plaintiff as one of its main competitors.

In doing so, Defendants failed to heed Etsy's express policy that warns sellers against sending false DMCA notices and interfering with other sellers' shops "in order to drive away buyers or otherwise harm that seller's business."  On information and belief, Defendants did not send DMCA notices to other Etsy sellers who offer the same or substantially similar designs.

40.     On March 11, 2016, Crystal Avenues' undersigned counsel responded to Friedberg's March 7 letter, advising that Crystal Avenues denied the allegations on various grounds, including on the basis that Defendants have no valid copyright, trademark or other legal claims in the jewelry designs at issue.  Crystal Avenues' counsel asked for the copyright applications and deposit material that were identified in Friedberg's March 7, 2016, letter and evidence of Defendants' original authorship.  Defendants provided screenshots of the copyright applications but they were in such miniscule type that they were not legible.  Crystal Avenues' counsel asked for readable copies of the applications but never received them or any evidence of original authorship from Defendants apart from the poor copies of the copyright applications.

41.     Defendants have ignored Crystal Avenues' requests for adequate material that supports their claim of copyright ownership in the jewelry at issue.

42.     On information and belief, Agnieszka Correll obtained the following copyright registrations from the U.S. Copyright Office at some point after March 2016: VA0002002758 ("Amelia"), VA0002003004 ("Emma"), VA0002002798 ("Jewelry set listing number 72564136"), and VA0002002791 ("Jewelry set listing number 96608139").  On information and belief, Agnieszka Correll knowingly made material misrepresentations that the cited works were original works of authorship and that she was entitled to these copyright registrations as a result. On information and belief, Agnieskza Correll failed to, among other things, exclude preexisting material that formed the entirety or a portion of the work. The Copyright Office would have rejected the applications had it known of these inaccuracies because, among other things, any modifications of those works by Agniezka Correll would not have met the criteria of sufficient originality.

## COUNT I
## MISREPRESENTATION UNDER 17 U.S.C. §512(f)

43.     Crystal Avenues repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

44.      Crystal Avenues' Etsy listings for the jewelry pieces at issue here ("**Jewelry Listings**") do not infringe any copyrights owned or administered by Defendants.

45.     Crystal Avenues' Jewelry Listings are not infringing because, at minimum, Crystal Avenues independently created the jewelry designs and did not copy any of Defendants' works, Defendants' purported works are not Defendants' original designs, and/or Defendants' purported works have insufficient originality to be protected by copyright law.

46.     On information and belief, Defendants had actual subjective knowledge that the listings did not violate any of Defendants' copyrights on each and every date they sent Etsy takedown notices seeking the removal of Crystal Avenues' listings.  With this actual subjective knowledge, Defendants acted in bad faith when they sent the takedown notices, knowingly and materially mispresenting that they had concluded that the material was infringing.

47.     Alternatively, Defendants should have known, if they had acted with reasonable care or diligence, or would have no substantial doubt had they been acting in good faith, that Crystal Avenues' Jewelry Listings did not infringe any Defendants' copyrights on the dates they sent Etsy their complaints under the DMCA.

48.     Defendants violated 17 U.S.C. § 512(f) by knowingly materially mispresenting that the listings of the Jewelry Designs infringed Defendants' copyrights in their January 21, January 28, March 7 and March 21 False DMCA

Notices to Etsy, which resulted in the deactivation of dozens of Crystal Avenues'
Jewelry Listings.

49.     The misrepresentations contained in Defendants' DMCA notices
were material to Etsy's decision to remove and/or disable access to Crystal
Avenues' Jewelry Listings.

50.     Defendants also knew that the series of DMCA notices could lead to
the termination of Crystal Avenues' Etsy account.

51.     Crystal Avenues now seeks a declaratory judgment from this Court
that Defendants violated 17 U.S.C. § 512(f) by knowingly and materially
misrepresenting in the DMCA takedown notices that the Crystal Avenues Etsy
shop was infringing of any copyright owned by Defendants, or by otherwise
knowingly and materially abusing the DMCA takedown process, and as such, that
Defendants are liable for Crystal Avenues' damages, including costs and attorney's
fees, for each and every false DMCA notice that they issued.

52.      As a direct and proximate result of Defendants' actions, Crystal
Avenues has been injured substantially and irreparably.  Such injury includes, but
is not limited to, damages as the result of Etsy relying upon Defendants'
misrepresentations in removing or disabling access to the Crystal Avenues'

Jewelry Listings, as well as the time and cost in responding to the claims of infringement.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT
## (DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201)

53.     Crystal Avenues repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

54.     Crystal Avenues asserts this second cause of action for declaratory judgment of issues arising out of federal copyright law.  As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist from, among other things, advertising, promotion, offering for sales and shipment of the Jewelry Designs, Crystal Avenues seeks relief from this Court.

55.     Crystal Avenues is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by Defendants relating to the Jewelry Designs, either directly or by inducing others to infringe or by contributing to infringement by others.

## COUNT III
## DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION
### (DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201)

56.     Crystal Avenues repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

57.     Defendants have accused Crystal Avenues of engaging in unfair competition.

58.     Crystal Avenues seeks a declaratory judgment from this Court that it has not and is not engaging in unfair competition.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY OF COPYRIGHTS
### (DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201)

59.     Crystal Avenues repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

60.     Defendants purportedly hold rights and permissions in the following visual art copyright registrations for certain jewelry titles:  VA0002002758 ("Amelia"), VA0002003004 ("Emma"), VA0002002798 ("Jewelry set listing number 72564136"), and VA0002002791 ("Jewelry set listing number 96608139") (collectively, "**Defendants' VA Registrations**").

61.     The jewelry items that underlie the copyright registrations 1) lack the requisite creativity and originality to warrant copyright registration, 2) are works

that were authored by third parties who did not sell, assign or otherwise transfer any rights in them to Defendants; and or 3) are mere variations on a common design or familiar designs made up of commonplace design elements arranged in a common or obvious manner.

62.     On information and belief, some or all of these jewelry items are works that are based on or derived from one or more preexisting works. On information and belief, Defendants did not contribute a sufficient amount of new authorship to these jewelry designs to create an original work of authorship.

63.     Alternatively, on information and belief, some or all of these jewelry works were created by third parties who did not sell, assign or otherwise transfer any rights in them to Defendants.

64.     Alternatively, the jewelry items are mere variations on common designs made up of commonplace design elements arranged in an obvious manner.

65.     All Defendants' jewelry listed in the above-referenced copyright registrations, which are also the subject of Defendants' False DMCA Notices and the March 7 Friedberg letter, lack the necessary originality to obtain, maintain or hold copyright registrations.

66.    Plaintiff requests an order declaring that the alleged copyrights asserted by Defendants are invalid and unenforceable for, inter alia, the above not all-inclusive reasons.

## PRAYER FOR RELIEF

**WHEREFORE**, Crystal Avenues respectfully requests that this Court enter judgment against Treasures by Agnes and Agnieszka Correll, also known as Agnes Correll, and asks:

1.  For injunctive relief restraining Defendants, their owners, members, agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from bringing any lawsuit or threat against Plaintiff for copyright infringement or any related claims such as trademark infringement and unfair competition in connection with the Jewelry Designs, including, but not limited to, Plaintiff's offering for sale, selling, distributing, marketing or advertising the Jewelry Designs;

2.  That the Court declare that Defendants' VA Registrations are invalid and order cancellation of Defendants' copyright registrations;

3.  For damages according to proof;

4.  For costs and attorneys' fees pursuant to 17 U.S.C. § 512(f), other

    portions of the Copyright Act including Section 505, on a Private

    Attorney General basis, or otherwise as allowed by law;

5.  For Plaintiff's costs and disbursements; and

6.  For such other and further relief as the Court shall find just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Respectfully submitted September 6, 2016

> _s/_ Mark L. Seigel
> Mark L. Siegel
> Georgia Bar No. 634617
> THE SIEGEL LAW FIRM LLC
> 1827 Powers Ferry Rd., Building 6 Ste 201
> Atlanta, GA 30339
> T: 770-395-5920
> F:  770-395-5921
> seigel@AddIPvalue.com
>
> Chun T. Wright
> (to be admitted _pro hac vice_)
> LAW OFFICE OF CHUN T. WRIGHT, PLLC
> 1775 Eye Street, NW, Suite 1150
> Washington, DC 20006
> T: 202-559-4300
> F: 202-747-7674
> chun@ctwrightlaw.com
>
> _Counsel for Plaintiff Crystal Avenues, LLC_